# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **AARON LEWIS GREEN, JR.**, <br><br> Defendant. | Criminal Case No. 7:18-CR-49 (HL) |

## ORDER

Before the Court is Defendant Aaron Lewis Green Jr.'s Motion for Recusal of Senior District Judge Hugh Lawson. (Doc. 254). For the following reasons, Defendant's motion is **DENIED**.

Under 28 U.S.C. § 455, any "justice, judge, or magistrate judge to the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The standard under § 455 is objective, requiring the court to inquire "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Bolin v. Story, 255 F.3d 1234, 1239 (11th Cir. 2000) (citing McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990)).

In his motion demanding the recusal of the undersigned, Defendant accuses the judge of being "biased against him," and "biased for the government." (Doc. 254 at ¶ 1). Defendant asserts that the undersigned "hear[d] motions outside of pre-trial for the benefit of the government" and that the motions heard were untimely. Id. at ¶ 4. Additionally, Defendant "points to the hearing where Judge Lawson called the Defendant a dummy on more than one occasion" as an indication of personal bias. Id. at ¶ 2. These allegations appear to stem largely from Defendant's dissatisfaction with certain of the Court's unfavorable rulings made in the course Defendant's criminal proceedings.

"[I]t is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." Bolin, 255 F.3d at 1239. (internal quotation marks and citation omitted). Thus, in the absence of pervasive bias, "a judge's rulings in the same or a related case are not a sufficient basis for recusal." Id. Defendant implies that the Court has shown bias and prejudice by favoring the Government when hearing pretrial motions. But the issue in question was part of Defendant's previous proceedings and was merely being formalized as part of the Government's case. Defendant has not demonstrated a personal bias or prejudice concerning any party to this matter.

Defendant has not otherwise presented facts demonstrating any personal bias or prejudice by either Judge Lawson, nor has he alleged facts that would call the judges' impartiality into question. His motion for recusal is accordingly **DENIED**.

**SO ORDERED**, this 29th day of September, 2021.

                                              ***s/ Hugh Lawson***
                                              **HUGH LAWSON, SENIOR JUDGE**